IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WARREN CHASE, #326-514 | : |
|     Plaintiff | : |
|        v. | :    Civil Action No. CCB-07-3250 |
| WARDEN | : |
|     Defendant | : |

**MEMORANDUM**

This action was filed on December 2, 2007, by Warren Chase, a prisoner within the Maryland Department of Correction currently incarcerated at the Maryland Correctional Adjustment Center ("MCAC"). Although he names MCAC's Warden as the sole defendant, plaintiff complains of ongoing harassment by various correctional officers allegedly in retaliation for lawsuits he has pending against prison employees in the State courts. Plaintiff does not use court-approved forms in stating his claim, and has failed to seek indigency status or pay the $350.00 civil filing fee.

Under §803(d) of the Prison Litigation Reform Act of 1995, codified as 42 U.S.C. §1997e(a), no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. §1983, or any other federal law, until he or she has exhausted available administrative remedies. A review of the Division of Correction's Administrative Remedy Procedure ("ARP") contained in Division of Correction Directive ("DCD") 185-001 *et seq.*, shows that this is precisely the type of situation that the ARP process was designed to resolve. It does not appear from the complaint that plaintiff has attempted to utilize the administrative remedy procedure. Consequently, because he may seek relief through the ARP process in regard to the issue set out herein and he has failed to exhaust those remedies, plaintiff's claim shall be dismissed without prejudice. Plaintiff may refile his action using the appropriate court forms after he has exhausted his administrative remedies through the

institutional (Warden) and Division of Headquarters (Commissioner) levels.

    A separate order shall be entered in accordance with this memorandum.

| December 13, 2007 | /s/ |
|---|---|
| Date | Catherine C. Blake |
|  | United States District Judge |